PRICE, Judge.
This is a tort action arising out of an automobile truck collision at the intersection of Kings Highway with Youree Drive in the City of Shreveport.
Thomas L. Walker seeks damages for personal injuries, medical expenses and repairs to his automobile from Liberty Mutual Insurance Company, the liability insurer of Insilco Corporation, owner of the tractor-trailer unit which collided with his vehicle. Walker contends he had been traveling in a southerly direction on Youree Drive and was in the left turn lane preparatory to turning left and proceeding in an easterly direction on Kings Highway. Both of these streets are multilane thoroughfares. As Youree Drive approaches Kings Highway from the north it has three lanes of traffic. The outside lane is for through traffic continuing southbound on Youree. The center lane is for traffic desiring to either continue on through the intersection or to make a left turn into the outside lane of Kings Highway in an easterly direction. The extreme left-hand, or inside lane, heading south is for left turning traffic only into the inside eastbound lane of Kings Highway.
Plaintiff contends he had stopped for the traffic signal in the center lane on Youree at about the same time the large tractor-trailer unit belonging to Insilco was stopped in the left turn only lane for *245 southbound traffic on Youree. Plaintiff contends as the signal light changed both vehicles began their left turn maneuver into Kings Highway and that prior to completing its turn the tractor-trailer encroached into his lane of travel and struck the -left side of his vehicle.
The driver of the Insilco truck, Arnett Hunt, Jr., is alleged to have caused the accident by failing to maintain proper control over his vehicle and in not maintaining a proper lookout. He is additionally alleged to have been negligent in attempting to execute the left turn while passing plaintiff’s vehicle when there was insufficient room for such a maneuver.
Defendant, in answer, denied any negligence on the part of the truck driver, Hunt, and alleged the accident was caused solely by the negligence of plaintiff in driving his automobile into the side of the truck which was making a left turn onto Youree Drive. Alternatively, defendant pled the doctrine of contributory negligence as a bar to plaintiff’s recovery.
After trial on the merits, the district court awarded plaintiff judgment for $1,435.23. On this appeal defendant questions the finding of liability of the trial court and the sufficiency of proof .by plaintiff showing the injuries claimed resulted from the accident.
On the issue of liability, defendant contends the evidence adduced on trial shows the truck driver, Hunt, was justified in pulling a portion of his tractor-trailer into the center lane of traffic while making the left turn onto Youree as the size and length of this unit required such a maneuver to avoid striking a concrete island or divider separating the north and south lanes of Kings Highway just east of its intersection with Youree. Defendant further contends the evidence shows that prior to blocking out both of the left turning lanes, the driver, Hunt, looked to his right and did not see any automobile in the center lane of traffic. Therefore, defendant contends plaintiff was negligent in attempting to proceed around the truck on its right when it was obvious the truck was blocking a portion of the plaintiff’s lane of travel.
This is solely a factual question, resolution of which depends on the believability of the two conflicting versions by the drivers of the vehicles involved.
The truck driver and a passenger in the cab of the truck testified no automobile was stopped at the traffic light in the center lane to its right at the time the light changed and the truck began the left turn. Plaintiff to the contrary testified he was stopped at the light abreast of the truck to his left and that he started forward ahead of or approximately at the same time as the truck and did not realize the truck was encroaching into his lane until it was too late to avoid the accident.
The evidence shows the right front of the tractor bumper collided with the left middle of plaintiff’s automobile in between the front and rear doors.
Taking into consideration the place of damage to the two vehicles, estimates of speed by the drivers, and all other pertinent testimony, we are of the opinion the conclusion reached by the trial court is not manifestly erroneous. We are aware that counsel for defendant has made a strong argument to the contrary based primarily on mathematical calculations attempting to show the version of the accident described by plaintiff and accepted by the trial judge was improbable. However, we do not find this argument to sustain the burden of showing manifest error on appeal. At most, he has shown the accident could also have happened in the manner contended by the driver, Hunt. The trial court ruled on the credibility of testimony of the two drivers and having accepted that of plaintiff as more believable, we are constrained to follow the court’s discretion in this regard.
The only complaint in regard to the award for damages is the alleged lack of *246 proof by plaintiff that he sustained a sprain of the cervical muscles of his neck from the accident. This argument is based on the failure of medical records of the physician who first attended plaintiff some six days after the accident to show plaintiff made any complaint about being in an automobile accident.
Plaintiff consulted the physician for a complaint of a stiff neck and was given muscle relaxants for treatment. On a subsequent visit he was seen by another physician in the same office and did mention being involved in an automobile accident. Defendant contends the injury to the neck muscle could have as easily happened when plaintiff helped lift a console television set either the day before or a day after the accident. We find the medical testimony to preponderate that plaintiff’s cervical injury was caused primarily by the accident. The award for this injury is minimum and should any aggravation have occurred by the lifting, as contended by defendant, the award would nevertheless not be excessive.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.